IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DENNY LEE NEWMAN,
    Plaintiff,

vs.                                  Case No.: 5:17cv6/MW/EMT

Dr. IZUEGBU, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 7).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir.

1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief upon which relief may be granted. Dismissal of this action is therefore warranted.

Plaintiff was an inmate at Calhoun Correctional Institution ("CCI") during the times relevant to the complaint, but he has since been released. He alleges that as an inmate he was subjected to inadequate medical care or treatment, amounting to deliberate indifference under the Eighth Amendment. Plaintiff's allegations, although difficult to decipher due to legibility issues, center upon medical problems he developed in April of 2015. Plaintiff states that he was having symptoms of a stroke

but that his complaints were not taken seriously by prison medical staff. He claims that Defendants Dr. Izuegbu and nurses on duty were more interested in cost-cutting treatment than in addressing his condition and that they otherwise failed to follow professional, medical standards (ECF No. 1 at 6, 8). Plaintiff states he was denied and EKG test, "nitro," or placement in an outside hospital (*id.* at 7). As relief, Plaintiff seeks monetary damages.

The court takes judicial notice of a complaint previously filed by Plaintiff in this court, Newman v. Izuegbu, Case No. 5:16cv2-WTH-GRJ.[1] Summary judgment was obtained against Plaintiff, resulting in dismissal of that case on October 25, 2017. Review of the case reveals that it concerned Plaintiff's medical condition, specifically his alleged stroke symptoms and chest pain from March of 2015 through January of 2016, which the magistrate judge in his Report and Recommendation thoroughly

---

[1] A court may take judicial notice of its own court dockets and opinions therein. *See* Fed. R. Evid. 201(b); McDowell Bey v. Vega, 588 F. App'x 923, 926–27 (11th Cir. 2014); Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005). The Court may also take judicial notice of documents filed in other judicial proceedings for the limited purposes such as noting the subject matter of the litigation and the issues that were decided. Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (citing United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)). It is additionally noted in this case that Plaintiff cited his own previously filed case as required in Section IV of the court's complaint form (ECF No. 1 at 3).

reviewed (Case No. 5:16cv2-WTH-GRJ, ECF No. 29 at 3–15). Also reviewed were the treatment steps taken by the Defendants in that case, Dr. Izuegbu and Nurse Keel.

The court finds that the instant case concerns the same medical facts and issues as Plaintiff's previous lawsuit, and both cover the same essential time period while Plaintiff was incarcerated at CCI. While Plaintiff in the instant case adds as Defendants different nurse personnel as well as supervisory personnel such as the warden and assistant warden, it is recognized that the main issue in both cases is Plaintiff's same medical condition and how it was treated under Dr. Izuegbu and his staff.

This action should be barred by the doctrine of res judicata. "Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (citing Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)). Res judicata applies when four elements are present:

(1) the prior decision must have been rendered by a court of competent jurisdiction;

(2) there must have been a final judgment on the merits;

  (3) both cases must involve the same parties or their privies; and

  (4) both cases must involve the same causes of action.

*Id.* Plainly, the first and second elements have been met, Plaintiff's previous case having been resolved against him by this court on summary judgment. The fourth element is clearly met as well because in both cases Plaintiff challenged essentially the same medical treatment as it relates to the same alleged medical conditions during the same time frame at the same correctional institution. *See* <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1187 (11th Cir. 2003) ("In determining whether the prior and present causes of action are the same, we must decide whether the actions arise 'out of the same nucleus of operative fact, or [are] based upon the same factual predicate'" (quoting <u>In re Piper Aircraft Corp.</u>, 244 F.3d 1289, 1297 (11th Cir.2001)). Finally, the third element is met in this case as well because the core medical personnel are either replicated in the current action or are in privity with them. All Defendants were part of the same medical staff at CCI during the operative time, and their collective actions concerned the same essential medical issues with Plaintiff. Privity exists between a non-party and a party in a prior action if the non-party's interests were adequately represented by a party that had the same interests. <u>E.E.O.C. v. Pemco Aeroplex, Inc.</u>, 383 F.3d 1280, 1286 (11th Cir. 2004) (finding privity to

apply when the interests in both litigations are closely aligned such that the party in the prior litigation adequately represented those interests).

Alternatively, the doctrine of collateral estoppel, or issue preclusion, is applicable in this case because it "bars relitigation of an issue of fact or law that has been litigated and decided in a prior suit." McKinnon v. Blue Cross & Blue Shield of Ala., 935 F.2d 1187, 1192 (11th Cir. 1991). For collateral estoppel to apply, "(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that earlier action." *Id*. (quoting Greenblatt v. Drexel Burnham Lambert, Inc., 763 F.2d 1352, 1360 (11th Cir.1980)).

Here, all three prongs of the standard are met because, as discussed above, both actions pursue the same causes of action based on the same core of operative facts; the previous action was litigated through to final judgment; and the salient issue, the adequacy of Plaintiff's medical treatment, was necessarily resolved in order to render a decision in the previous case. Accordingly, Plaintiff's claim is properly found to have been fully litigated already, thus precluding him from raising his claim for a second time in the instant action.

A complaint that is subject to being barred under res judicata should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted. Harmon v. Webster, 263 F. App'x 844, 846 (11th Cir. 2008); *see also* Hawley v. Bd. of Regents of the Univ. Sys. of Ga., 203 F. App'x 997, 997 (11th Cir. 2006) (affirming district court's determination that plaintiff's claims were barred by res judicata pursuant to 28 U.S.C. § 1915(e) (2)(B)(i) and resulting dismissal); Gimenez v. Morgan Stanley, 202 F. App'x 583, 583–84 (3d Cir. 2006); McWilliams v. State of Col., 121 F.3d 573, 574–75 (10th Cir. 1997) (holding repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984) (finding that a complaint barred by res judicata is legally frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i)).

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 7th day of May 2018.

        /s/ *Elizabeth M. Timothy*
        **ELIZABETH M. TIMOTHY**
        **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**